# IN RE MARTIN.


PATENTS; INTERFERENCE; ESTOPPEL; JUDGMENT OF PRIORITY; LACHES.

Where M. filed an application for a patent which was placed in interfer-
ence with the applications of D. and G., and subsequently filed an
other application claiming different features of the same subject-
matter, which claims were readable on the specification of G., who
was later given a patent covering such claims, and M. failed to
move under rule 109 of the Patent Office to amend his first appli-
cation so as to bring such claims into the interference, and there was
a decision of one of the Patent Office tribunals, from which he took
no appeal, in favor of D., whose specification did not disclose such
features, it was *held*, reversing a decision of the Commissioner re-
jecting the claims of the second application of M., who was seeking
interference with the patent of G.: (1) That there was no judg-
ment of priority in the interference as to such claims in favor of
G. and against M., and hence there was no estoppel by judgment;
and (2) that M. was not estopped by laches from making the claims,
as his failure to move under rule 109 was not shown to have re-
sulted in injury to anyone.

No. 1156.   Patent Appeals.   Submitted May 13, 1918.   Decided December
2, 1918.


HEARING on an appeal from a decision of the Commis-
sioner of Patents rejecting the claims of an application for a
patent.                                                  *Reversed.*

The COURT in the opinion stated the facts as follows:

The invention involved relates to the art of automatic teleph-
ony.

Taking the statement of counsel for the Commissioner of
Patents, the case before the court for decision is as follows:

This is an appeal from the decision of the Commissioner of
Patents (rec. p. 268) affirming the rejection of 105 claims in

appellant's application, 21 of which were copied from a patent to Goodrum, No. 1,156,475. The rejection is based on the ground of estoppel, in view of a terminated interference in which an earlier application of the appellant, Talbot G. Martin, was involved.

Interference No. 27,232 involved an application of Goodrum, which eventuated into Patent No. 1,156,475, an application of Martin, other than the one here appealed, an application of Dyson, and a joint application of Lattig and Goodrum, the latter being substantially a duplicate of the sole application of Goodrum. Martin in his preliminary statement failed to overcome the filing date of the Lattig and Goodrum joint application; but judgment was not rendered against him, as he obtained permission to submit evidence seeking to prove that the Lattig and Goodrum device was inoperative. Judgment in the interference was rendered in favor of Dyson.

After the termination of the Dyson interference the invention here in question was evidently considered to be the sole invention of Goodrum, as his application was amended, additional claims were inserted, and a patent issued, No. 1,156,475, October 12, 1915.

Appellant has copied claims 1 to 21, inclusive, of this Goodrum patent, and is seeking an interference with this patent. The examiner held that the applicant (appellant) is estopped from making any of these claims, on the ground that they should have been made by Martin during the interference, by a motion under rule 109, to include the present Martin application in the interference. The rejected claims are not supported by the disclosure of the Martin application involved in the Dyson interference, nor by Dyson's disclosure.

The present application of Martin was filed subsequent to the Martin application involved in the interference, but long before that interference was declared. In the interference, therefore, Martin became aware of the fact that the applications of Goodrum, and Lattig and Goodrum, disclosed and claimed features which were not disclosed in the Martin application involved in the interference, but were disclosed in the present

Martin application. Martin did not amend his present application to embrace claims for such common subject-matter in order to contest an interference at that time.

The interference so far as Martin is concerned was terminated at the expiration of the limit of appeal from the decision of the Examiner of Interferences in favor of Dyson, Martin taking no appeal.

The claims of Martin's application have been rejected, and he appeals.

*Mr. Charles C. Bulkley* for the appellant.

*Mr. Theodore A. Hostetler* for the Commissioner of Patents.

Mr. Justice McCoy, of the Supreme Court of the District of Columbia, who sat with the Court in the hearing and determination of the appeal in the place of Mr. Justice Robb, delivered the opinion of the Court:

The examiner based his decision upon the ground that Martin was estopped by laches to make the claims of the present application, because he failed to move under the rule 109 of the Patent Office to be allowed to amend and bring those claims into the Dyson interference, but that if there were no estoppel by reason of laches he was estopped by the judgment of priority in that interference. The Board of Examiners in Chief and the Commissioner placed their decision entirely on the ground of estoppel.

There was no judgment of priority in the Dyson interference in favor of Goodrum against Martin; consequently, there can be no estoppel by judgment.

Assuming that Martin should have moved under rule 109, his failure to do so is not shown to have resulted in injury to anyone; therefore, one of the elements necessary to an estoppel is absent.

The decision of the Commissioner of Patents is reversed, and the clerk is directed to certify these proceedings as by law required.